Alexander Zolfaghari (030111)
**ZOLMAN LAW**
455 North Mesa Drive, Suite 8W
Mesa, Arizona 85201
Tel: (480) 269-9545
Fax: (480) 452-1142
Email: Legal1@zolmanlaw.com
Attorney for Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>NIKY RAZCON,<br><br>Debtor(s). | Chapter 13 Proceeding<br><br>Case No: 4:19-bk-14512-SHG<br><br>**NOTICE OF LODGING FORM OF ORDER** |

**NOTICE IS HEREBY GIVEN** that pursuant to the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Arizona, the proposed form of Order attached hereto as Exhibit "A" was lodged with the United States Bankruptcy Court on this May 13, 2020.

Dated: May 13, 2020.

ZOLMAN LAW

By: /s/ AZ 030111
    Alexander Zolfaghari, Esq.

Copy of the foregoing mailed on May 13, 2020 to the parties listed below:

Dianne C. Kerns
31 North 6th Avenue, Suite 105-152
Phoenix, AZ 85701
*Chapter 13 Trustee*

Office of the U.S. Trustee
230 N. 1st Ave. Ste. #204
Phoenix, AZ 85003
*United States Trustee*

Niky Razcon
715 West Desert Hills Drive
San Tan Valley, AZ 85143
Debtors

**EXHIBIT "A"**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In Re:

NIKY RAZCON,
        Debtor.

Chapter 13

Case No. 4:19-bk-14512-SHG

**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN**

The Amended Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Amended Plan of the Debtor as follows:

(A)    **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

    (1) <u>Future Earnings or Income</u>. Debtor shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-5 | $1,733.00 |
| 6-60 | $1,766.00 |

The payments are due on or before the 13th day of each month commencing December 13, 2019. Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming.

The Debtor shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for post-petition years 2019 – 2023 within 14 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

   (2) Other Property.

   (a) The Debtor shall provide, directly to the Trustee her net federal and state income tax refunds, any amount in excess of $1000.00, for the years 2018 through 2022, as SUPPLEMENTS to the plan. In the event that, the other property is submitted, it shall be treated as SUPPLEMENTAL payments.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses:

Attorney Fees. Zolman Law shall be allowed total compensation of $4,500.00. Pew Law Center PLLC received $990.00 prior to filing this case Zolman Law will be paid $3,510.00 through the Chapter 13 Plan by the Chapter 13 Trustee. The Pew Law Center, PLLC is no longer in business and Lawrence D. Pew is no longer practicing Law. Zolman Law has taken over the maintenance of this case and therefore should be paid accordingly.

(2) Claims Secured by Real Property:

   (a) Select Portfolio Servicing Proof of Claim #9 Wilmington Trust, NA, secured by a first deed of trust in the Debtor' residence, shall be paid the prepetition arrearage of $8,345.30 with 0% interest. The conduit shall be paid by Trustee through the plan beginning in month 1 of the plan for the mortgage payment due to creditor on December 1, 2019. The conduit shall be paid through the plan for a total of 60 monthly mortgage payments. For any month where the balance on hand in Debtor's account is insufficient to allow disbursement of the conduit payment and adequate protection payments that have come due, the amount due for that month will be paid to creditor on the next regular disbursement date when Debtor's account balance has sufficient funds. This claim has been met by Amending Debtors Schedule A.

(b) Strattman Law Firm, Proof of Claim #8 for Skyline Ranch HOA, secured by a deed of trust in the Debtor' residence, shall be paid the prepetition arrearage of $ 5,742.10 with 0% interest. Regular post-petition payments will be made directly by the Debtors to the secured creditor. This claim has been met by Amending debtors Schedule A.

(3) Claims Secured by Personal Property:

(a) Nissan Motor Acceptance, Proof of Claim #4 secured by a lien in a 2014 Nissan Maxima, shall be paid $20,911.74 with 6.25% interest. The creditor will receive adequate protection payments of $229.95 per month. This Amendment has been met by the Creditors Proof of Claim and by Amending Schedule B to meet the balance in the Proof of Claim. The balance of the claim shall be classified as an unsecured non-priority claim.

(4) Unsecured Priority Claims:

(a) None

(5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor to surrender the following property:

(a) None.

(6) Other Provisions.

(a) Moratorium in Conduit Plan: In the event that the mortgage lender charges late fees or additional interest on payments made on post-petition arrearages, a lump sum payment may be required at the end of the plan in order to cure all post-petition arrearages accrued which were not paid through the plan payments.

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

To the extent that the Arizona Department of Revenue's non-dischargeable liabilities are not paid in full through pro rata distributions under the Plan or through direct

Page 3 of 6

Case 4:19-bk-14512-BMW    Doc 36   Filed 05/13/20   Entered 05/13/20 12:04:41   Desc
Main Document    Page 6 of 9

payments outside of the plan, the unpaid balance along with post-petition and post confirmation interest shall not be discharged in accordance with 11 U.S.C. §§ 523(a)(l)(B)(ii) and 1328(a)

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

ORDER SIGNED ABOVE

Approved as to Form and Content By:

_____
Dianne C. Kerns,
Trustee

_____
Alexander Zolfaghari, Esq.
Attorney for Debtor

(8) <u>General Unsecured Claims:</u> Such Claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C.§1328(a).

(9)

_____
Leonard J. McDonald
Attorney for Wilmington Trust, NA

**The Debtor Certifies:** All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
Niky Razcon
Debtor